# EXHIBIT 1

# Contract Flow Sheet

## General Information

| | |
|---|---|
| Contract ID | |
| Review Manager | Steve Buckman |
| Contract Parties | Casestack, Kane Warehousing, Inc |
| Contract Description | Casestack Warehouse Contract |
| Contract Begins | |
| Contract Ends | |
| Follow-up Date | |
| Follow-up Action | |

## Approvals

### Financial Review

| | |
|---|---|
| Assigned To | Steve Buckman |
| Disposition | Approved |
| Comments | |
| | |
| Signature | |
| Completed On | 8 - 14 |

### Legal Review

| | |
|---|---|
| Assigned To | N/A |
| Disposition | |
| Comments | Starndard warehouseman contract with minor additions… |
| | |
| Signature | |
| Completed On | |

### Operation Review

| | |
|---|---|
| Assigned To | Harry Drajpuch |
| Disposition | Approved |
| Comments | |
| | |
| Signature | |
| Completed On | 8.14.06 |

### Signer's Review

| | |
|---|---|
| Assigned To | Harry Drajpuch |
| Disposition | Approved |
| Comments | |
| | |
| Signature | |
| Completed On | 8.14.06 |

## Comments

| |
|---|
| This is the standard warehouseman's agreement with some additions (e.g. deposit) and the quote on the front page… |
| |
| |


Warehousing, Inc.

Post Office Box 931
Scranton, PA 18501-0931
(570) 344-9801
FAX: (570) 207-2244
E-mail: sales@kaneisable.com
Internet: www.kaneisable.com

CONTRACT and
RATE QUOTATION

NOTE: THE ACT OF SHIPPING GOODS
DESCRIBED HEREON WILL CONSTITUTE
ACCEPTANCE OF THIS RATE QUOTATION.

Steve Sezna
Case Stack
2850 Ocean Park Blvd., Suite 100
Santa Monica,CA 90405

DATE:        07/26/2006

SUBJECT TO THE TERMS AND CONDITIONS CONTAINED HEREIN AND ON THE REVERSE HEREOF, ALL OF WHICH FORM A PART OF THIS AGREEMENT, THIS
COMPANY QUOTES RATES FOR STORAGE, HANDLING AND OTHER SERVICES AS FOLLOWS:

| COMMODITY DESCRIPTION | STORAGE PER MONTH Or Fraction Thereof | | HANDLING | |
|---|---|---|---|---|
| | RATE | PER | RATE | PER |
| Case Stack Warehouse pricing See Attached Standard Warehouse Contract Schedule B Price List | | | | |

NOTE: IF MERCHANDISE RECEIVED DIFFERS FROM THAT DESCRIBED HEREIN (PACKING, SIZES, WTS, ETC) RATES WILL BE REVISED ACCORDINGLY

ACCESSORIAL SERVICES WILL BE CHARGED AS FOLLOWS:
Order Processing Fee: $6.00/each

The pricing effective date for this quote is: 08/01/2006
This quote is based on the scope of work provided by the customer and is subject to change if the actual requirements
vary from the original scope of work.
Additional charges, if any, will be based on Kane's Then-Current Accessorial Schedule, (unless otherwise agreed to in
writing). See the attached current copy.

ROUTING INSTRUCTIONS SHIPMENTS SHOULD BE CONSIGNED TO YOU IN CARE OF KANE WAREHOUSING, INC

The above quotation is hereby accepted:

Date  8/23/06

*Ja Edwards*
CFO
CaseStack, Inc.

Kane Warehousing, Inc.

By:  *Harry Srajne*

International Warehouse
Logistics Association

ISO
9001:
2000
CERTIFIED

FM-500001 (3/04)

SCHEDULE B
Price List

Warehousing Charges

Case Stack warehouse pricing

| DESCRIPTION | RATE | PER UNIT | |
|---|---|---|---|
| Handling - Plt | $ 6.07 | Pallet | |
| Handling - Slipheet | $ 6.25 | Pallet | |
| Case Pick (1 to 5-lb. case) | $ 0.20 | Case | |
| Case Pick (6 to 10-lb. case) | $ 0.20 | Case | |
| Case Pick (10 to 15-lb. case) | $ 0.20 | Case | |
| Case Pick (16+ lb. case) | $ 0.20 | Case | |
| Drum Pick (55-gal) | $ 3.24 | Drum | |
| BOL Charge | $ 6.00 | Order | |
| Floor load/unload containers - 20' | $ 175.00 | 20' Container | |
| Floor load/unload containers - 40' | $ 275.00 | 40' Container | |
| Warehouse Labor | $ 32.00 | Hour | |
| Clerical Labor | $ 32.00 | Hour | |
| Physical Inventory (# of times per year, free) | 1 | Per CaseStack Customer (account) | |
| GMA Grade B Plts | $ 4.75 | Pallet | |
| GMA Grade A Plts | $ 6.00 | Pallet | |
| New GMA Grade A Plts | $ 8.30 | Pallet | |
| Chep Pallets (Describe the charges for a Chep program) | $ - | | *We would perform at no charge ($0.00)--covered in BOL rate.* |
| Banding | $ 4.00 | Pallet | |
| Shrink Wrap | $ 1.50 | Pallet | |
| Programming Fee | $ 100.00 | Hour | *Minimum $200.00* |
| Pallet Label | $ 0.25 | Label | |
| Dump Charge | Actual charge + 5% (minimum $50.00) | | |
| Supplies (Customer specific) | Actual charge + 5% | | |
| Special Reports | $ 20.00 | Hour | *Minimum $20.00* |
| Case Label (Warehouse provides label) | $ 0.067 | Label | |
| Case Label (Labor only; CaseStack provides label) | $ 0.037 | Case | |
| Crossdock (includes storage for 24 hours) | $ 2.50 | Pallet | *Up to 72 hrs--80% of the initial storage rates per pallet* |
| Web Access set-up (CaseStack billed as one account) | $ 300.00 | | |
| Web Access monthly fee | $ 25.00 | Month | |
| Wood swap (from GMA Grade B to A or Chep) | $ 3.26 | Pallet | |
| Rush Order (define Rush Order) | $ - | | |

*Rush orders received before 12 pm PT/3 pm ET are no charge ($0.00). An order after the cutoff is*
*$32.00 per hour (minimum charge--defaults to hourly clerical labor rate).*
*Rush order occurs after established cutoff (12 pm PT/3 pm ET), but not later than an*
*established close of business.*

**BULK STORAGE**  (Ambient)

| | | | Turns (recurring) | | | | |
|---|---|---|---|---|---|---|---|
| PLT STACK | Initial | MAX PLT HT (INCHES) | 10-12 | 8-9 | 6-7 | 4-5 | 2-3 |
| 4 High | $ 3.46 | 60 | $ 2.18 | $ 2.46 | $ 2.66 | $ 2.94 | $ 3.25 |
| 3 High | $ 4.62 | 60 | $ 2.91 | $ 3.28 | $ 3.56 | $ 3.93 | $ 4.34 |
| 2 High | $ 6.92 | 60 | $ 4.36 | $ 4.91 | $ 5.33 | $ 5.88 | $ 6.50 |

**RACK STORAGE**  (Ambient)

| | | Turns (recurring) | | | | |
|---|---|---|---|---|---|---|
| MAX PLT HT (INCHES) | Initial | 10-12 | 8-9 | 6-7 | 4-5 | 2-3 |
| <60 | $ 3.97 | $ 2.50 | $ 2.82 | $ 3.06 | $ 3.37 | $ 3.73 |
| >60 | $ 5.96 | $ 3.75 | $ 4.05 | $ 4.59 | $ 5.07 | $ 5.60 |

*For temperature control storage (65-68 degrees), the upcharge would be a 25% increase to the ambient rates enclosed.*

# WAREHOUSE CONTRACT

**STANDARD CONTRACT TERMS FOR MERCHANDISE WAREHOUSE RECEIPT**
**ACCEPTANCE- Sec. 1.**
(a) This receipt, which includes the front page hereof and rate quotation, including accessorial charges, endorsed on or attached hereto (collectively "Receipt") must be accepted within 30 days from the proposal day designated by Warehouseman, by signature of Depositor on the reverse side of this Receipt. In the absence of a written acceptance, the act of tendering goods described herein for storage or other services by Warehouseman within 30 days from such proposal date shall constitute such acceptance by Depositor.
(b) In the event that goods tendered for storage or other services do not conform to the description contained herein, or conforming goods are tendered after 30 days from the proposal date without prior written acceptance by Depositor as provided in paragraph (a) of this section, Warehouseman may refuse to accept such goods. If Warehouseman accepts such goods, Depositor agrees to rates and charges as may be assigned and invoiced by Warehouseman, and to all terms of this Receipt.

**SHIPPING-Sec. 2.**
Depositor agrees not to ship goods to Warehouseman as the named consignee. If, in violation of this agreement, goods are shipped to Warehouseman as the named consignee, Depositor agrees to notify the carrier in writing prior to such shipment (and give a copy of such notice to Warehouseman), that Warehouseman named as consignee is a Warehouseman and has no beneficial title or interest in such property and Depositor further agrees to indemnify and hold harmless Warehouseman from any and all claims for unpaid transportation charges, including undercharges, demurrage, detention   or other charges of any nature, in connection with goods so shipped. Depositor further agrees that, if it fails to notify the carrier as required by the next preceding sentence, Warehouseman shall have the right to refuse such goods and shall not be liable or responsible for any loss, injury or damage of any nature to or, in any way related to, such goods. Depositor agrees that all agreements contained in this section will be binding on Depositor's heirs, successors and assigns, as applicable.

**TENDER FOR STORAGE-Sec. 3.**
(a) All goods for storage shall be delivered to the warehouse at the location set forth on the front page hereof, properly marked and packaged for handling. The Depositor shall furnish at or prior to such delivery, a manifest showing marks, brands or sizes to be kept and accounted for separately, and the class of storage and other services desired.
(b) Receipt and delivery of all or any units of a lot shall be made without subsequent sorting except by special arrangement and subject to a charge.
(c) Unless Depositor shall have given, at or prior to delivery of the goods, written instructions to the contrary, Warehouseman, in its discretion, may commingle and store in bulk different lots of fungible goods, whether or not owned by the same depositor.
(d) Warehouseman shall  be responsible for segregating goods by lot code as indicated on the outer case and in the receiving documents.

**STORAGE PERIOD AND CHARGES - Sec. 4.**
(a) All charges for storage are per package or other agreed unit per month as set forth on the front page hereof.
(b) Storage charges become applicable upon the date that Warehouseman accepts care, custody and control of the goods, regardless of unloading date or date of issue of this Receipt.
(c) All storage charges are due and payable on the first day of storage for the initial month and thereafter on the first day of each calendar month.
(d) When mutually agree to by Warehouseman and Depositor, a storage month shall extend from a date in one calendar month to but not including the same date of the next and all succeeding months and all storage charges shall be due and payable on the first day of the storage month.

**TRANSFER, TERMINATION OF STORAGE, REMOVAL OF GOODS - Sec. 5.**
(a) Instructions to transfer goods on the books of Warehouseman are not effective until delivered to and accepted by Warehouseman in writing and all charges up to the time such transfer is made are chargeable to Depositor. If a transfer involves rehandling the goods, such rehandling will be subject to a charge. When goods in storage are transferred from one party to another through issuance of a new warehouse receipt a new storage date shall be established on the date of transfer.
(b) Warehouseman reserves the right to move, at his expense, and upon notice to and approval by Depositor (which approval shall not be unreasonably withheld), any goods in storage from the warehouse in which they may be stored



## WAREHOUSE CONTRACT

to any other of his warehouses, but if such Depositor or holder takes delivery of his goods in lieu of transfer, no storage charge shall be made for the current storage month.

The Warehouseman may, without notice, move goods within the warehouse in which they are stored.

(c) Warehouseman may, upon written notice to Depositor and any other person known by Warehouseman to claim an interest in the goods, require the removal of any goods by the end of the one hundred twenty (120) day period immediately following such notice. Such notice shall be given to the last known place of business or abode of the person to be notified. If such goods are not removed before the end of the applicable one hundred twenty (120) day period, the Warehouseman may sell them in accordance with applicable law.

(d) If as a result of a quality or condition of the goods of which Warehouseman had no notice at the time of deposit, such goods are a hazard to other property, Warehouseman's warehouse or to any person's, Warehouseman may sell the goods at public or private sale without advertisement on reasonable notification to all persons known to claim an interest in the goods. If Warehouseman after a reasonable effort is unable to sell the goods he may dispose of them in any lawful manner and shall incur no liability by reason of such disposition.

Pending such disposition, sale or return of the goods, the Warehouseman may remove the goods from the warehouse and shall incur no liability by reason of such removal.

### HANDLING - Sec. 6.

(a) The handling charge covers the ordinary labor involved in receiving goods at warehouse door, placing goods in storage, and returning goods to warehouse door. Handling charges are due and payable on receipt of goods.

(b) Additional expenses incurred by the Warehouseman in receiving and handling damaged goods and additional expenses in unloading from or loading into cars or other vehicles not at warehouse door will be charged to Depositor.

(c) Labor and materials used in loading rail cars or other vehicles are chargeable to Depositor.

(d) Warehouseman shall not be liable for demurrage, delays in unloading inbound cars, or delays in obtaining and loading cars for outbound shipments unless Warehouseman has failed to exercise reasonable care, and the shipment was properly appointed, and the delay is over two hours..

### DELIVERY REQUIREMENTS - Sec. 7.

(a) No goods shall be delivered or transferred except upon receipt by Warehouseman of complete instructions properly signed by Depositor. However, when no negotiable receipt is outstanding, goods may be delivered upon instructions by telephone in accordance with a prior written authorization but Warehouseman shall not be responsible for loss or error occasioned thereby.

(b) When a negotiable receipt has been issued no goods covered by that receipt shall be delivered or transferred on the books of Warehouseman, unless the receipt, properly endorsed, is surrendered for cancellation or for endorsement of partial delivery thereon or, in the sole discretion of Warehouseman, if Warehouseman has received a written statement from Depositor holding Warehouseman harmless from any and all claims of others asserting a superior right to Depositor, to possession of such goods. If a negotiable receipt is lost or destroyed, delivery of goods may be made only upon order of a court of competent jurisdiction and the posting of security approved by the court as provided by law.

(c) When goods are ordered out, a reasonable time shall be given Warehouseman to carry out instructions, and a minimum of ten (10) days to locate any misplaced goods. If Warehouseman is unable because of acts of God, war, public enemies, seizure under legal process, strikes, lockouts, riots and civil commotions, any reason beyond the Warehouseman's control, loss or destruction of goods for which Warehouseman is not liable, or any other excuse provided by law, Warehouseman shall not be liable for failure to carry out such instructions and goods remaining in storage will continue to be subject to regular storage charges. All instructions and requests for delivery of goods and transfer of title are received subject to satisfaction of all charges, liens and security interests of Warehouseman with respect to the goods whether for accrued charges or otherwise.

(d) Warehouseman may require, as a condition precedent to delivery of the goods from Warehouseman to Depositor, a statement from Depositor, a statement from Depositor holding Warehouseman harmless from claims of others asserting a superior right to Depositor to possession of the goods. Nothing herein shall preclude Warehouseman from exercising any other remedy available to it under the law.

### EXTRA SERVICES (SPECIAL SERVICES) - Sec. 8.

(a) Warehouse labor required for services other than ordinary handling and storage will be charged to the Depositor.

(b) Special services requested by Depositor, including, but not limited to, compiling of special stock statements, reporting marked weights, serial numbers or other data from packages, physical check of goods and handling transit billing will be charged to Depositor.



# WAREHOUSE CONTRACT

(c) Damage, bracing and packing materials or other special supplies, may be provided for Depositor at a charge in addition to Warehouseman's cost.

(d) By prior arrangement, goods may be received or delivered during other than usual business hours, subject to charge.

(e) Communication expenses including postage, teletype, telegram, or telephone will be charged to Depositor if such concern more than normal inventory reporting or if, at the request of Depositor, communications are made by other than regular United States Mail.

(f) All charges are due and payable upon the date of invoice. All charges and advances hereunder not paid within thirty (30) days from the due date are subject to an interest charge from the date such charge or advance became due until paid at the rate of eighteen percent (18%) per annum, together with any and all collection costs incurred by Warehouseman including reasonable attorneys' fees. Charges for all services are due and payable in US dollars through a US bank.

(g) Warehouseman may assess an additional charge when goods, designated by Depositor for freezer storage, are received by Warehouseman at temperatures above five (5) degrees Fahrenheit.

(h) Depositor hereby agrees to pay Warehouseman all costs and advances, including reasonable attorneys' fees, incurred by Warehouseman in connection with the storage, handling or disposition of the goods hereunder, including such costs and fees incurred in connection with lawsuits to which Warehouseman has been made a party and relating in any way to its performance hereunder unless such litigation is solely related to Warehouseman's gross negligence.

## BONDED STORAGE - Sec. 9.

(a) A charge in addition to regular rates will be made for merchandise in bond.

(b) Where this Receipt covers goods in U.S. Customs bond, this Receipt shall be void upon the termination of the storage period fixed by law.

## MINIMUM CHARGES - Sec. 10.

(a) A minimum handling charge per lot and a minimum storage charge per lot per month will be made. When a warehouse receipt covers more than one lot or when a lot is in assortment, a minimum charge per mark, brand or variety will be made.

(b) A minimum monthly charge to depositors account for storage and/or handling will be made. This charge will not apply to each account when the depositor has several accounts each requiring separate records and billing.

## LIABILITY AND LIMITATION OF DAMAGES - Sec. 11.

(a) WAREHOUSEMAN SHALL NOT BE LIABLE FOR ANY LOSS OR INJURY TO GOODS STORED HOWEVER CAUSED UNLESS SUCH LOSS OR INJURY RESULTED FROM THE FAILURE BY THE WAREHOUSEMAN TO EXERCISE SUCH CARE IN REGARD TO THEM AS A REASONABLY CAREFUL MAN WOULD EXERCISE UNDER LIKE CIRCUMSTANCES AND WAREHOUSEMAN IS NOT LIABLE FOR DAMAGES WHICH COULD NOT HAVE BEEN AVOIDED BY THE EXERCISE OF SUCH CARE.

(b) GOODS ARE NOT INSURED BY WAREHOUSEMAN AGAINST LOSS OR INJURY HOWEVER CAUSED. DEPOSITOR AGREES TO GIVE WAREHOUSEMAN A NON-CHARGABLE DAMAGE ALLOWANCE EQUAL TO $1/100^{TH}$ OF 1% BASED ON ANNUAL THROUGHPUT in dollars). DEPOSITOR MAY INVOICE WAREHOUSEMAN FOR DAMAGES ONLY IN EXCESS OF THIS ALLOWANCE. THE NORMAL PERIOD FOR DAMAGE ACCOUNTING IS IN CONNECTION WITH AN ANNUAL PHYSICAL INVENTORY.

(c) IN THE EVENT OF LOSS, DAMAGE OR DESTRUCTION TO STORED GOODS FOR WHICH WAREHOUSEMAN IS LEGALLY LIABLE, DEPOSITOR DECLARES THAT WAREHOUSEMAN'S LIABILITY FOR DAMAGES SHALL BE LIMITED TO THE LESSER OF THE FOLLOWING: (1) THE ACTUAL COST TO DEPOSITOR OF REPLACING OR REPRODUCING THE DAMAGED GOODS TOGETHER WITH TRANSPORTATION COSTS TO WAREHOUSE, (2) THE FAIR MARKET VALUE OF THE GOODS ON THE DATE DEPOSITOR IS NOTIFIED OF LOSS, DAMAGE OR DESTRUCTION, (3) 100 TIMES THE MONTHLY STORAGE CHARGE APPLICABLE TO SUCH LOST, DAMAGED OR DESTROYED GOODS, (4) $.20 PER POUND, OR (5) $10.00 PER CUBIC FOOT OF GOODS, PROVIDED, HOWEVER THAT WITHIN A REASONABLE TIME AFTER RECEIPT OF THIS RECEIPT, DEPOSITOR MAY, UPON WRITTEN REQUEST, INCREASE WAREHOUSEMAN'S LIABILITY ON PART OR ALL OF THE GOODS STORED UNDER THIS RECEIPT, IN WHICH CASE AN INCREASED CHARGE WILL BE MADE BASED UPON SUCH INCREASED VALUATION; FURTHER PROVIDED THAT NO SUCH REQUEST SHALL BE VALID UNLESS MADE BEFORE LOSS, DAMAGE OR DESTRUCTION TO ANY PORTION OF THE GOODS STORED UNDER THIS RECEIPT HAS OCCURRED.

# WAREHOUSE CONTRACT

(d) The limitations of liability referred to in Section 11(C) shall be Depositor's exclusive remedy against Warehouseman for any claim or cause of action whatsoever relating to loss, damage and/or destruction of goods and shall apply to all claims including inventory shortage and loss claims unless Depositor proves by affirmative evidence that Warehouseman converted the goods to its own use. Depositor waives any rights to rely upon any presumption of conversion imposed by law. In no event shall Depositor be entitled to incidental, special, punitive or consequential damages.

(e) No goods shall be delivered or transferred except upon receipt by WAREHOUSE of complete written instructions. DEPOSITOR may provide WAREHOUSE written instructions and/or pertinent data through EDI. WAREHOUSE shall not be liable for loss, error, or charge backs.

## NOTICE OF CLAIM AND FILING OF SUIT - Sec. 12.

(a) Claims by Depositor and all other persons must be presented in writing to Warehouseman within a reasonable time and in no event longer than either 90 days after delivery of the goods by Warehouseman or 90 days after Depositor or the last known holder of this Receipt, if negotiable, is notified by Warehouseman that loss or injury to part or all of the goods has occurred, whichever time is shorter.

(b) No action may be maintained by Depositor or others against Warehouseman for loss or injury to the goods stored unless a timely written claim has been given as provided in paragraph (a) of this section. Depositor has provided. Warehouseman with a reasonable opportunity to inspect the goods which are the basis of Depositor's claim and such action is commenced either within nine months after date of delivery by Warehouseman or within nine months after Depositor or the last known holder of this Receipt, if negotiable, is notified that loss or injury to part or all of the goods has occurred, whichever time is shorter.

(c) When goods have not been delivered, notice may be given of known loss or damage to the goods by mailing of a registered or certified letter to Depositor or to the last known holder of this Receipt, if negotiable. Time limitations for presenting a claim in writing and maintaining an action after notice begin on the date of mailing of such notice by Warehouseman.

## INSURANCE - Sec. 13.

The goods stored hereunder are not insured and the storage rates do not include insurance unless Warehouseman has agreed, in writing, to obtain such insurance for the benefit of Depositor. Depositor hereby instructs Warehouseman not to obtain insurance on the goods stored hereunder.

## SEVERABILITY - Sec. 14.

(a) Warehouseman's failure to insist upon strict compliance with any provision of this Receipt shall not constitute a waiver or estoppel to late demand strict compliance thereof and shall not constitute a waiver or estoppel to insist upon strict compliance with all other provisions of this Receipt.

(b) In the event any section of this Receipt or part hereof shall be declared invalid, illegal and/or unenforceable, the validity, legality and enforceability of the remaining sections and parts shall not in any way be affected or impaired thereby.

## AUTHORITY - Sec. 15.

Depositor represents and warrants that he either (i) is the lawful owner of the goods which are not subject to any lien or security interest of others; or (ii) is the authorized agent of the lawful owner and/or any holder of a lien or security interest and has full power and authority to enter into this Receipt. Depositor agrees to notify all parties acquiring any interest in the goods of the terms and conditions of this Receipt and to obtain, as a condition of granting such an interest, the agreement of such parties to be bound by the terms and conditions of this Receipt.

## LIEN - Sec. 16.

THIS SECTION HAS BEEN DELETED...

## NOTICES - Sec. 17.

All written notices provided herein may be transmitted by any commercially reasonable means of communication and directed to Warehouseman at the address on the front page hereof and to Depositor at its last know address. Depositor is presumed to have knowledge of the contents of all notices transmitted in accordance with this Section within five days of transmittal.

# WAREHOUSE CONTRACT

**TERMINATION – Sec 18**

Either party may terminate this agreement upon 120 days written notice to the other party.    Absent such notice, this agreement shall continue on a month to month basis.

**PAYMENTS – Sec 19**

    a)   Terms for this account shall be "Net 30 Days".

    b)   Depositor shall file a written notice of dispute related to any invoice within 30 days of receipt of the invoice.  Such written notice shall include invoice number, date of invoice and reason for dispute.  For the purpose of this article, the definition of "written notice" shall include a properly addressed email .

    c)   If an invoice includes disputed charges and undisputed charges, Depositor shall promptly pay all undisputed charges.

    d)   Depositor shall provide a prepayment ("Prepayment") equal to One Hundred Fifty Thousand Dollars ($150,000) on or before the receipt of goods.  Warehouseman shall hold the funds to guarantee timely payment of undisputed invoices.  In the event Depositor fails to timely pay undisputed invoices, Warehouseman shall apply this prepayment to any and all outstanding, undisputed invoices.

    e)   Warehouseman shall calculate and pay interest to Depositor equal to 4% per annum on the outstanding "Prepayment" if the Depositor is current with required payments.  Such interest payment shall be calculated and paid once per year in January.  In the event the parties agree that the Warehouseman will return the "prepayment", accrued interest will be calculated and paid with the returned "prepayment".

## Intending to be legally bound, the parties have set their signatures below...

| For Depositor: | | For Warehouseman: |
|---|---|---|
| CASESTACK | | Kane Warehousing, Inc. |
| ~~Dan Sanker~~ *Tracy A Edwards* <br> ~~CEO / President~~ *CFO* <br> 2850 Ocean Park Blvd <br> Suite 100 <br> Santa Monica, CA  90405 | | Harry Drajpuch <br> Chief Operating Officer <br> PO Box 931 <br> Scranton, PA  18501 |
| Signature  *Tracy G Edwards* | | Signature *[signature]* |